UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07-469 (RCL) |
| v. | ) ) | |
| WILLIAMS ARCHITECTURAL GLASS & GLAZING, INC., | ) ) ) | |
| Defendants. | ) ) | |

**DEFAULT JUDGMENT**

Upon consideration of the Complaint and Motion for Entry of Judgment by Default of the Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Fund," "Pension Fund" or "Plaintiff"), it appears to the Court that defendant, Williams Architectural Glass & Glazing, Inc., a/k/a Williams Architectural Glass & Glazing Inc., a/k/a Williams Architectural Glass & Glazing, a/k/a Williams Arch. Glass & Glazing ("Company" or "defendant"), has willfully failed to appear, plead or otherwise defend, and it is ORDERED:

1. Plaintiff's motion is GRANTED.

2. Judgment is entered against Company, and in favor of Plaintiff in the total amount of $14,644.68, itemized as follows:

    (a) Unpaid contributions for the months of February 2006 through March 2007 in the amount of $9,634.14 under 29 U.S.C. § 1132(g)(2) and 185(a);

    (b) Interest from the date contributions became due until April 30, 2007 in the

        amount of $352.54;

    (c)    Liquidated damages in the amount of $1926.83 (twenty percent (20%) of the total amount owed for unpaid contributions, or contributions paid late);

    (d)    Attorneys' fees and costs in the amount of $2731.17 incurred by Plaintiff through April 20, 2007, as provided in 29 U.S.C. § 1132(g)(2)(D).

3.    Defendants, their owners, officers, agents, servants, attorneys and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying pension contributions for all periods for which Defendants are obligated to do so under their collective bargaining agreement(s).

4.    If further action by the Pension Fund is required to obtain payment of the amounts owed by defendant, it may apply to this Court or to the court in which enforcement is sought, for such further reasonable attorneys' fees and costs in addition to those set out in paragraph 2(d), above. *See Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co.*, 57 Fed. Appx. 972 (3d Cir. 2003).

5.    Within ten (10) days of the entry of this Order, defendant shall fully and accurately complete and submit to the plaintiff any and all outstanding remittance reports, including but not limited to reports and contributions for the period January 2007 through March 2007, together with a check for the full amount of the contributions and dues due, including interest and liquidated damages.

6. Within twenty (20) days of a request by plaintiff or its counsel, defendant shall make available to the designated representative of the plaintiff all payroll books and related records necessary for plaintiff to ascertain the precise amount of any delinquent contributions due and owing to plaintiff for all periods in which defendant is obligated to make fringe benefit contributions to the plaintiff, and defendant shall bear the costs of said audit.

7. Plaintiff shall have the right to conduct future audits for all relevant periods, including the time periods covered by this judgment. Defendant shall be and hereby is restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by plaintiff and shall produce all payroll books and related records requested by plaintiff, including, but not limited to, payroll, wages, general ledger and cash disbursement records, compensation insurance audits and any other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to plaintiff. Defendant shall pay plaintiff any additional amounts found owing, plus such other amounts as set forth in the Agreement, the Agreement and Declaration of Trust of the Pension Fund, the International Painters and Allied Trades Industry Pension Plan, ERISA, or any other applicable law.

8. If additional delinquencies are discovered pursuant to the submission of the remittance reports or to the audit referred to above, or as a result of additional information that becomes available to the plaintiff, the plaintiff may apply to the Court for an additional or supplemental judgment reflecting any additional

      delinquencies, interest, liquidated damages, attorneys' fees and costs, pursuant to ERISA, 29 U.S.C. § 1132(g)(2), together with any audit costs incurred by the plaintiff.

9.   Plaintiff is awarded reimbursement of all additional attorneys' fees and costs it incurs in the collection and enforcement of this judgment as well as those incurred in the collection of delinquent contributions which may be found to be due as a result of the audit provided for in this Order.

10.   If defendant fails to comply with any of the terms of this Order, the plaintiff may, in addition to pursuing the remedies provided for under Rule 69 of the Federal Rules of Civil Procedure, reopen this case upon motion to the Court and notice to the defendant, and may at that time ask for further appropriate monetary and/or injunctive relief.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, July 12, 2007.