## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 07-469 (RCL) |
| WILLIAMS ARCHITECTURAL GLASS & GLAZING, INC. | ) ) ) | |
| a/k/a Williams Architectural Glass & Glazing Inc | ) ) | |
| a/k/a Williams Architectural Glass & Glazing | ) ) | |
| a/k/a Williams Arch. Glass & Glazing | ) ) | |
| Defendant | ) ) | |

### MOTION FOR ENTRY OF SUPPLEMENTAL JUDGMENT
### AGAINST DEFENDANT WILLIAMS ARCHITECTURAL GLASS & GLAZING, INC.
### A/K/A WILLIAMS ARCHITECTURAL GLASS & GLAZING INC
### A/K/A WILLIAMS ARCHITECTURAL GLASS & GLAZING
### A/K/A WILLIAMS ARCH. GLASS & GLAZING

Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund"

or "Plaintiff"), by its undersigned counsel, respectfully moves this Court for the entry of a

Supplemental Judgment in favor of the Pension Fund and against Defendant, Williams

Architectural Glass & Glazing, Inc. a/k/a Williams Architectural Glass & Glazing Inc a/k/a

Williams Architectural Glass & Glazing a/k/a Williams Arch. Glass & Glazing ("Company" or

"Defendant"), for $53,673.84,  including delinquent contributions, audit costs, liquidated

damages, interest and attorneys' fees and costs incurred by the Pension Fund in this matter in

addition to that which is set forth in the Default Judgment entered July 12, 2007 ("July 12, 2007

Judgment") attached hereto as Exhibit 1.

In support of this Motion, the Pension Fund states the following:

193160-1

1.      On July 12, 2007, the Court entered Judgment against Defendants in the total amount of $14,644.68. Of this total judgment amount, $9,634.14 represented contributions owed the Pension Fund pursuant to 29 U.S.C. § 1132(g)(2)(A).

2.      An audit conducted for the period January 1, 2004 through June 30, 2007 revealed additional contributions owed for the period covered by the Judgment as well as subsequent to that period.  The audit reflects that Defendant owes additional contributions in the amount of $35,164.19 for the period January 1, 2004 through June 30, 2007.  See, Audit attached as Exhibit 2;  See also, the September 18, 2007 correspondence to Defendant attached as Exhibit 3; See also, the Declaration of Thomas C. Montemore attached as Exhibit 4, at ¶5.

3.      Defendant also owes the Pension Fund liquidated damages in the amount of $7,032.84 on the unpaid contributions revealed by the Audit referenced in ¶5. See, Montemore Decl., ¶7.

4.      The Pension Fund also is owed interest of $3,887.78 through February 15, 2008 on additional unpaid contributions revealed by the audit referenced in ¶2 in accordance with 29 U.S.C. §1132(g)(2)(B) and (C)(i).  See, Montemore Decl., ¶6.

5.      Pursuant to ¶¶7 and 8 of this Court's July 12, 2007 Default Judgment Order, Defendant owes $1,827.43 for audit costs incurred by the Pension Fund.

6.      In addition to entering judgment against Defendant for the delinquent amounts owed to the Pension Fund, the Pension Fund is permitted to apply to the Court for further reasonable attorneys' fees and costs for periods in which enforcement of the July 12, 2007 Judgment was sought. See, Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir. 2003); International Painters and Allied Trades Industry Pension

Fund v. H.W. Ellis Painting Co., Inc., No. 03-1125, slip. op. at *3 (D.D.C. February 10, 2004)

(citing Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Sheet Metal Workers Health and Welfare

Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989)).

      7.      The Pension Fund has incurred additional attorneys' fees and costs of $5,761.60

through February 11, 2008. See, Flanagan Decl., ¶2; [1] See also, Exhibit 6.

      **WHEREFORE**, the Pension Fund asks the Court to enter Supplemental Judgment

against Defendant in the amount of $53,673.84 and grant the relief requested in the attached,

proposed Order and Supplemental Judgment.  Accompanying this Motion are a supporting

memorandum of points and authorities, declarations, and a proposed supplemental judgment.

                    Respectfully submitted,

                    JENNINGS SIGMOND, P.C.

             BY: /s/  Kent Cprek, Esquire
                 KENT CPREK
                 Bar No. 478231
                 The Penn Mutual Towers, 16th Floor
                 510 Walnut Street, Independence Square
                 Philadelphia, PA 19106-3683
                 (215) 351-0615
                 Attorneys for the Fund

Date: February 15, 2008

---

[1]     The Declaration of Jerome A. Flanagan ("Flanagan Decl.") is attached to this Motion as Exhibit 5.
The document referred to in the Flanagan Decl. is attached to the Motion as Exhibit 6.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff | ) | CIVIL ACTION NO. |
| v. | ) ) | 07-469 (RCL) |
| WILLIAMS ARCHITECTURAL GLASS &) GLAZING, INC. | ) | |
| a/k/a Williams Architectural Glass & Glazing Inc | ) ) | |
| a/k/a Williams Architectural Glass & Glazing | ) ) | |
| a/k/a Williams Arch. Glass & Glazing | ) ) ) | |
| Defendant | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUPPLEMENTAL JUDGMENT AGAINST
DEFENDANT WILLIAMS ARCHITECTURAL GLASS & GLAZING, INC.
A/K/A WILLIAMS ARCHITECTURAL GLASS & GLAZING INC
A/K/A WILLIAMS ARCHITECTURAL GLASS & GLAZING
<u>A/K/A WILLIAMS ARCH. GLASS & GLAZING</u>**

Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund" or "Plaintiff") by its legal counsel, files this Memorandum in support of its Motion for Entry of Supplemental Judgment against Williams Architectural Glass & Glazing, Inc. a/k/a Williams Architectural Glass & Glazing Inc a/k/a Williams Architectural Glass & Glazing a/k/a Williams Arch. Glass & Glazing ("Company" or "Defendant").

On July 12, 2007, the Court entered a Default Judgment ("July 12, 2007 Judgment") against Defendant in the total amount of $14,644.68. The July 12, 2007 Judgment granted the Pension Fund the right to an award of additional attorneys' fees and costs incurred in the collection and enforcement of the Judgment by application to the Court. Explicit in: (a) the July 12, 2007 Judgment; (b) the terms of Company's collective bargaining agreements with the

193160-1

International Brotherhood of Painters and Allied Trades, AFL-CIO, CLC; (c) the Agreement and Declaration of Trust ("Trust Agreement") of the Pension Fund; (d) the International Painters and Allied Trades Industry Pension Plan ("Plan"); and (e) Employee Retirement Income Security Act of 1974 ("ERISA"), Defendant was obligated to remain current on all future contributions and remittance reports.

An audit conducted for the period January 1, 2004 through June 30, 2007 revealed additional contributions owed for the period covered by the Judgment as well as subsequent to that period. The audit reflects that Defendant owes additional contributions in the amount of $35,164.19 for the period January 1, 2004 through June 30, 2007. See, Audit attached as Exhibit 2; Montemore Decl., ¶5. The Plaintiff is owed $7,032.84 in liquidated damages on the $35,164.19 in unpaid contributions. See, Montemore, ¶7. Interest owed on the additional unpaid contributions calculated from the date they were due through February 15, 2008 is $3,887.78 under 29 U.S.C. §1132(g)(2)(B) and (C)(i) and 29 U.S.C. §6621. See, Montemore Decl., ¶6. Defendant also owes audit costs in the amount of $1,827.43. See, Montemore Decl., ¶8. Defendant is liable for the cost of the audit under the terms of the collective bargaining agreement, Trust Agreement and ERISA.

Finally, Plaintiff has incurred additional attorneys' fees and costs of $5,761.60 in connection with this lawsuit through February 15, 2008 because of Defendant's refusal to pay the July 12, 2007 Judgment and its failure and refusal to pay delinquent contributions revealed by the audit. Montemore Decl., ¶5, 9; Flanagan Decl., ¶2; Exhibit 6. Plaintiff is entitled to reimbursement of these additional fees and costs. See, July 12, 2007 Judgment, ¶4, 5; Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir.

2003); International Painters and Allied Trades Industry Pension Fund v. H.W. Ellis Painting

Co., Inc., No. 03-1125, slip. op. at *3 (D.D.C. February 10, 2004) (citing Free v. Briody, 793

F.2d 807 (7th Cir. 1986); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service

Co., 867 F.2d 852 (10th Cir. 1989).

Additionally, the Pension Fund should also be entitled to audit the payroll books and

related records of Defendant. The Company is party to both a collective bargaining agreement

and the Trust Agreement. The scope of authority and responsibilities under ERISA of the trustees

of the Pension Fund are defined in part by the common law of trusts. Central States, Southeast

and Southwest Areas Pension Fund v. Central Transport, Inc., 105 S.Ct. 2833, 2840 (1985).

"Under the common law of trusts...trustees are understood to have all such powers as are

necessary or appropriate for the carrying out of the purposes of the trust." Ibid.

The purpose of the Pension Fund is to provide benefits to the participants and

beneficiaries. In order to effectuate this purpose, the trustee must ensure that all the contributions

that are required to be made under the collective bargaining agreement and the terms of the Trust

Agreement are made. The trustees must have the ability to ascertain exactly what contributions

are due and owing to the Pension Fund under such documents. When an employer fails to remit

the contractually-required reports, the Pension Fund's only method of determining the amount of

contributions that are due and owing to the Pension Fund is an audit. It is understood that trustees

have all such powers as are necessary or appropriate for the carrying out of the purposes of the

trust. In the absence of contractually-required remittance reports, it is necessary and appropriate

to audit the payroll records of the employer in question. Because this is necessary and

appropriate, trustees have the power to audit Company's payroll books and records.

The determination of an employee's eligibility for benefits is made based upon information contained on the remittance reports. If the remittance reports are not submitted or contain incorrect information, then a proper determination of eligibility is impossible. In such a case, the only means of obtaining the necessary information is to review the employer's payroll records.

Defendant has failed to submit remittance reports and contributions in accordance with the provisions of its collective bargaining agreement. A precise determination of the amount of the delinquency is not possible because the Pension Fund has not been permitted to review the Company's payroll books and records beyond the period ending June 30, 2007. Accordingly, to ascertain precise amounts due the Pension Fund, this Court should order that Defendant make available its payroll books and related records for review by the Pension Fund.

Finally, the failure of Defendant to comply with its contractual and statutory obligations results in a substantial adverse impact on Plaintiff's ability to meet its legal obligations. Plaintiff is obligated by express mandates of the ERISA and by the documents and instruments by which it is administered to provide benefits to Defendant's employees who are otherwise eligible to receive them. 29 C.F.R. 2530-200b-2(a)(1) and (2); Central States, S.E. & S.W. Areas Pension Fund v. Admiral Merchants Motor Freight, Inc., 511 F.Supp. 38 (D.Minn. 1980), aff'd sub nom, Central States, S.E. & S.W. Areas Pension Fund v. Jack Cole-Dixie Highway Company, Inc., 642 F.2d 1122 (8th Cir. 1981). Plaintiff is required to provide these benefits regardless of whether Defendant makes the contributions. The result is a significant drain on the resources of Plaintiff.

Additionally, when employers fail to remit contributions, benefit funds such as Plaintiff lose income that could have been earned by investing these contributions. Combining this loss of investment income with the requirement to continue to pay benefits will eventually affect the actuarial soundness of the Pension Fund as well as deplete resources available to pay benefits. Furthermore, the Pension Fund incurs additional administrative expenses as a result of an employer's failure to pay its contributions. These losses and added expenses significantly impair the ability to continue to provide benefits to not only Defendant's employees, but to employees of companies that have complied with their contractual obligations. These losses coupled with the continuing benefit obligations has led courts to enjoin employers from continued violations of their contribution and reporting obligations. Laborers' Fringe Benefit Funds v. Northwest Concrete, 640 F.2d 1350, 1352 (6th Cir. 1981); Huge v. Long's Hauling Co., Inc., 590 F.2d 457 (3d Cir. 1978); Teamsters Local 369 – Employers Trust v. Jones & Artis Construction Co., 640 F. Supp. 223 (D.D.C. 1986); IBPAT Union and Industry Pension Fund v. Hartline-Thomas, Inc., 4 EBC 1199, 1200 (D.D.C. 1983).

Given the clear language of the contract and obligations mandated by ERISA, this Court should not only enter judgment in Plaintiff's favor but also order Defendant to pay the contributions, contractual liquidated damages, interest and attorneys' fees and costs which it already owes and enjoin Defendant from future violation of its reporting and payment obligations.

## CONCLUSION

Judgment should be entered as requested.


Respectfully submitted,

JENNINGS SIGMOND, P.C.


BY: /s/ Kent Cprek, Esquire
KENT CPREK
Bar No. 478231
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0615
Attorney for the Fund

Date: February 15, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff | ) | CIVIL ACTION NO. |
| v. | ) ) | 07-469 (RCL) |
| WILLIAMS ARCHITECTURAL GLASS & GLAZING, INC. | ) ) | |
| a/k/a Williams Architectural Glass & Glazing Inc | ) ) | |
| a/k/a Williams Architectural Glass & Glazing | ) ) | |
| a/k/a Williams Arch. Glass & Glazing | ) ) | |
| Defendant | ) ) | |

## ORDER AND SUPPLEMENTAL JUDGMENT

Upon consideration of the Motion for Entry of Supplemental Judgment of the Plaintiff,

International Painters and Allied Trades Industry Pension Fund ("Pension Fund" or "Plaintiff"),

and in accordance with the Default Judgment entered July 12, 2007 ("July 12, 2007 Judgment"),

it is ORDERED:

1.    Supplemental Judgment is entered in favor of the Pension Fund and against

Defendant, Williams Architectural Glass & Glazing, Inc. a/k/a Williams Architectural Glass &

Glazing Inc a/k/a Williams Architectural Glass & Glazing a/k/a Williams Arch. Glass & Glazing

("Company" or "Defendant"), in the total amount of $53,673.84. This amount includes the

following:

(a)    Delinquent contributions in the amount of $35,164.19 for the period

January 1, 2004 through June 30, 2007 as revealed by an audit conducted for that period.

(b)    Liquidated damages on the amount indicated in ¶1(a) in the amount of $7,032.84.

(c)    Interest in the amount of $3,887.78 on the amount indicated in ¶1(a) through February 15, 2008 based upon the amount referred to in ¶1(a).  Interest was calculated in accordance with 29 U.S.C. §1132(g)(2)(B) and (C)(i) and 26 U.S.C. §6621. The contribution amount set forth in ¶1(a) shall continue to bear interest as provided in 29 U.S.C. §1132(g)(2)(B) and (C)(i) and 26 U.S.C. §6621, as from time to time amended, until the date of actual payment.

(d)    Audit costs in the amount of $1,827.43.

(e)    Attorneys' fees and costs in the amount of $5,761.60 incurred by the Pension Fund through February 11, 2008; and

(f)    The unpaid contributions in the July 12, 2007 Judgment shall continue to bear further interest as provided in 29 U.S.C. §1132(g)(2)(B) and (C)(i) and 26 U.S.C. §6621, as from time to time amended, until the date of actual payment.

2.    Plaintiff is entitled to reimbursement of all additional attorneys' fees and costs it incurs in the enforcement and collection of this judgment. If further action by Plaintiff to enforce and collect this judgment is required, Plaintiff may apply to this Court or to the Court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in ¶1(f) above. See, Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir. 2003); International Painters and Allied Trades Industry Pension Fund v. H.W. Ellis Painting Co., Inc., No. 03-1125, slip. op. at *3 (D.D.C. February 10, 2004) (citing Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989)).

3.      Defendant, its owners, officers, agents, servants, attorneys, and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with required contributions for all periods for which Defendant is obligated to do so under the collective bargaining agreement(s) requiring contributions to Plaintiff. In the event that Defendant fails to submit, in a timely manner, future remittance reports and contributions, Plaintiff shall be entitled to move for a second supplemental judgment to coerce submission of remittance reports and recover payment of unpaid contributions and all related amounts due the Plaintiff.

4.      Within twenty (20) days of the entry of this Order, Defendant shall fully and accurately complete and submit to the Plaintiff any and all then outstanding remittance reports with all required information including the name and social security number of each employee, the hours worked, wages paid and contributions owed for that month together with a check for the full amount of the contributions owed.

5.      The Pension Fund shall have the right to conduct an audit of the payroll books and related records of Defendant. Within forty-eight (48) hours of a request by the Pension Fund or its designated representative, Defendant shall make available to the Pension Fund or its designated representative all payroll books and records necessary for Plaintiff to ascertain the precise amount of delinquent contributions due and owing for all relevant periods. Defendant, its owners, officers, agents, servants, employees and all persons acting on their behalf or in conjunction with them, shall be and are hereby restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by the Pension Fund and shall produce all books and records requested by the auditor and/or the Trustees of the Pension Fund,

including, but not limited to, payroll, wage, general ledger and cash disbursement records,

compensation insurance audits, and any other pertinent records deemed necessary for the purpose

of ascertaining and/or verifying payments and/or liabilities to the Pension Fund. Defendant shall

pay to the Pension Fund the cost of the audit together with any additional amounts found owing,

plus such other amounts as set forth in the collective bargaining agreement, the Agreement and

Declaration of Trust of the Pension Fund, the International Painters and Allied Trades Industry

Pension Plan adopted by the Pension Fund's trustees, the Employee Retirement Income Security

Act of 1974, as amended, and applicable law

6.    If Defendant fails to comply with any of the terms of this Order, Plaintiff may, in

addition to pursuing the remedies provided under Federal Rule of Civil Procedure 69, reopen this

case upon motion to this Court and notice to Defendant, and may at that time ask for further

appropriate monetary and/or injunctive relief.

7.    The Clerk of the Court may immediately certify this Order and Supplemental

Judgment for transfer upon the request of Plaintiff and payment of any required fee.

Date:_____        _____
                            Royce C. Lamberth        J.
                            United States District Judge

Copies of this Supplemental Judgment shall be sent to:

Jerome A. Flanagan, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683

Williams Architectural Glass & Glazing, Inc.
a/k/a Williams Architectural Glass & Glazing Inc
a/k/a Williams Architectural Glass & Glazing
a/k/a Williams Arch. Glass & Glazing
2468 Broadway
Gary, IN 46407

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

INTERNATIONAL PAINTERS AND )
ALLIED TRADES INDUSTRY )
PENSION FUND, )
)
Plaintiff, )
)                    Civil Action No. 07-469 (RCL)
v. )
)                               **ECF**
WILLIAMS ARCHITECTURAL )                   **DOCUMENT**
GLASS & GLAZING, INC., )              I hereby attest and certify that this is a printed copy
)              of a document which was electronically filed with the
Defendants. )              United States District Court for the District of Columbia.
)              Date Filed: _7- 12- 07_

NANCY MAYER-WHITTINGTON, CLERK

By: _Michael Darby_ _9-26-07_

<u>DEFAULT JUDGMENT</u>

Upon consideration of the Complaint and Motion for Entry of Judgment by Default of the

Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Fund," "Pension

Fund" or "Plaintiff"), it appears to the Court that defendant, Williams Architectural Glass &

Glazing, Inc., a/k/a Williams Architectural Glass & Glazing Inc., a/k/a Williams Architectural

Glass & Glazing, a/k/a Williams Arch. Glass & Glazing ("Company" or "defendant"), has

willfully failed to appear, plead or otherwise defend, and it is ORDERED:

1.    Plaintiff's motion is GRANTED.

2.    Judgment is entered against Company, and in favor of Plaintiff in the total amount

of $14,644.68, itemized as follows:

(a)    Unpaid contributions for the months of February 2006 through March

2007 in the amount of $9,634.14 under 29 U.S.C. § 1132(g)(2) and 185(a);

(b)    Interest from the date contributions became due until April 30, 2007  in the

1



amount of $352.54;

(c)    Liquidated damages in the amount of $1926.83 (twenty percent (20%) of

the total amount owed for unpaid contributions, or contributions paid late);

(d)    Attorneys' fees and costs in the amount of $2731.17 incurred by Plaintiff

through April 20, 2007, as provided in 29 U.S.C. § 1132(g)(2)(D).

3.    Defendants, their owners, officers, agents, servants, attorneys and all persons

acting on their behalf or in conjunction with them shall be and hereby are

restrained and enjoined from refusing to file complete, proper and timely

remittance reports with accompanying pension contributions for all periods for

which Defendants are obligated to do so under their collective bargaining

agreement(s).

4.    If further action by the Pension Fund is required to obtain payment of the amounts

owed by defendant, it may apply to this Court or to the court in which

enforcement is sought, for such further reasonable attorneys' fees and costs in

addition to those set out in paragraph 2(d), above. *See Trucking Employees of

North Jersey Welfare Fund, Inc. v. Bellezza Co.*, 57 Fed. Appx. 972 (3d Cir.

2003).

5.    Within ten (10) days of the entry of this Order, defendant shall fully and

accurately complete and submit to the plaintiff any and all outstanding remittance

reports, including but not limited to reports and contributions for the period

January 2007 through March 2007, together with a check for the full amount of

the contributions and dues due, including interest and liquidated damages.

6.      Within twenty (20) days of a request by plaintiff or its counsel, defendant shall make available to the designated representative of the plaintiff all payroll books and related records necessary for plaintiff to ascertain the precise amount of any delinquent contributions due and owing to plaintiff for all periods in which defendant is obligated to make fringe benefit contributions to the plaintiff, and defendant shall bear the costs of said audit.

7.      Plaintiff shall have the right to conduct future audits for all relevant periods, including the time periods covered by this judgment. Defendant shall be and hereby is restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by plaintiff and shall produce all payroll books and related records requested by plaintiff, including, but not limited to, payroll, wages, general ledger and cash disbursement records, compensation insurance audits and any other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to plaintiff. Defendant shall pay plaintiff any additional amounts found owing, plus such other amounts as set forth in the Agreement, the Agreement and Declaration of Trust of the Pension Fund, the International Painters and Allied Trades Industry Pension Plan, ERISA, or any other applicable law.

8.      If additional delinquencies are discovered pursuant to the submission of the remittance reports or to the audit referred to above, or as a result of additional information that becomes available to the plaintiff, the plaintiff may apply to the Court for an additional or supplemental judgment reflecting any additional

3

delinquencies, interest, liquidated damages, attorneys' fees and costs, pursuant to

ERISA, 29 U.S.C. § 1132(g)(2), together with any audit costs incurred by the

plaintiff.

9.    Plaintiff is awarded reimbursement of all additional attorneys' fees and costs it

incurs in the collection and enforcement of this judgment as well as those incurred

in the collection of delinquent contributions which may be found to be due as a

result of the audit provided for in this Order.

10.   If defendant fails to comply with any of the terms of this Order, the plaintiff may,

in addition to pursuing the remedies provided for under Rule 69 of the Federal

Rules of Civil Procedure, reopen this case upon motion to the Court and notice to

the defendant, and may at that time ask for further appropriate monetary and/or

injunctive relief.


SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, July 12, 2007.

**WILLIAMS ARCHITECTURAL GLASS & GLAZING, INC.**
2468 BROADWAY
GARY, IN 46407
PH: 219-886-9910

LOCAL: GO 1165

DATE OF REVIEW: 07/11/07

PERIOD REVIEWED: 01/01/04 – 06/30/07

CONTACT: GWEN WILLIAMS

ROBERT E. MOORE, CPA



WILLIAMS ARCHITECTURAL GLASS & GLAZING, INC.
NOTES TO REPORT

1.  Our review was conducted at the employer's office. Available records included forms 941 and some individual payroll earnings records. Monthly records were not available, nor were W-2's with social security numbers.

2.  Amounts paid the Fund – Review period                $10,676.50

Summary of amounts due the Fund

|                      | Pension      | FTI      | LMCI     | Total        |
|----------------------|--------------|----------|----------|--------------|
| Total deficiencies   | $34,658.65   | $252.77  | $252.77  | $35,164.19   |
| Interest             | 2,519.82     | 19.24    | 19.24    | 2,558.30     |
| Cost of review       | 1,801.11     | 13.16    | 13.16    | 1,827.43     |
| Totals               | $38,979.58   | $285.17  | $285.17  | $39,549.92   |

The deficiencies include incremental hours only. They do not include unpaid reports.

3.  Interest in the amount of $2,558.30 has been calculated from the due date of the report where each deficiency was noted through 8/21/07 as follows:

| 5/1/04   – 6/30/04  | 5% |
| 7/1/04   -  9/30/04 | 4% |
| 10/1/04  -  3/31/05 | 5% |
| 4/1/05   -  9/30/05 | 6% |
| 10/1/05  -  6/30/06 | 7% |
| 7/1/06   -  8/21/07 | 8% |

WILLIAMS ARCHITECTURAL GLASS
2004 HOURS WORKED LOCAL 1165

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | K. Lara | | | | 45 | 61 | | | | | | | | 182.5 |
| 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 | Ben Williams | | | 32.5 | 118.5 | 32 | | | 76.5 | | | | | 184 |
| 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 | Bryan Williams | | | | 61 | 32 | | | | | | | | 93 |
| | | | | | | | | | | | | | | 0 |
| | | | | | | | | | | | | | | 0 |
| | | | | | | | | | | | | | | 0 |
| | | | | | | | | | | | | | | 0 |
| | | | | | | | | | | | | | | 0 |
| | | | | | | | | | | | | | | 0 |
| | | | | | | | | | | | | | | 0 |
| | | | | | | | | | | | | | | 0 |
| | | | | | | | | | | | | | | 0 |
| | | | | | | | | | | | | | | 0 |
| | | | | | | | | | | | | | | 0 |
| TOTAL | | 0 | 0 | 32.5 | 225.5 | 125 | 0 | 0 | 76.5 | 0 | 0 | 0 | 0 | 459.5 |

DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pension | 7/03 | 5.67 | 0/04 | 0.00 | $0.00 | $0.00 | $184.28 | $1,278.59 | $708.75 | $0.00 | $0.00 | $459.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,630.61 |
| FTI | 7/03 | 0.05 | 0/04 | 0.05 | $0.00 | $0.00 | $1.63 | $11.28 | $6.25 | $0.00 | $0.00 | $3.83 | $0.00 | $0.00 | $0.00 | $0.00 | $22.06 |
| Industry Advancement | 7/03 | 0.05 | 0/04 | 0.05 | $0.00 | $0.00 | $1.63 | $11.28 | $6.25 | $0.00 | $0.00 | $3.83 | $0.00 | $0.00 | $0.00 | $0.00 | $22.06 |
| TOTAL | | | | | $0.00 | $0.00 | $187.53 | $1,301.14 | $721.25 | $0.00 | $0.00 | $465.65 | $0.00 | $0.00 | $0.00 | $0.00 | $2,670.56 |

TOTALS DUE

| | |
|---|---|
| Due to Pension | $2,630.61 |
| Due to FTI | $22.06 |
| Due to Industry Advancement | $22.06 |
| | $2,670.56 |

**WILLIAMS ARCHITECTURAL GLASS**
**2005 HOURS WORKED LOCAL 1105**

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | S. Brown | | | | | | -36 | -48 | 80 | 175.5 | 160 | 107 | 168 | 606.5 |
| | TOTAL | 0 | 0 | 0 | 0 | 0 | -36 | -48 | 80 | 175.5 | 160 | 107 | 168 | 606.5 |

## DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pension | 9/05 | 6.55 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($235.80) | ($314.40) | $524.00 | $1,149.53 | $1,048.00 | $700.85 | $1,100.40 | $3,972.58 |
| FTI | 9/05 | 0.05 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($1.80) | ($2.40) | $4.00 | $8.78 | $8.00 | $5.35 | $8.40 | $30.33 |
| Industry Advancement | 9/05 | 0.05 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($1.80) | ($2.40) | $4.00 | $8.78 | $8.00 | $5.35 | $8.40 | $30.33 |
| TOTAL | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($239.40) | ($319.20) | $532.00 | $1,167.08 | $1,064.00 | $711.55 | $1,117.20 | $4,033.23 |

**TOTALS DUE**

| | |
|---|---|
| Due to Pension | $3,972.58 |
| Due to FTI | $30.33 |
| Due to Industry Advancement | $30.33 |
| | $4,033.23 |

## WILLIAMS ARCHITECTURAL GLASS
## 2008 HOURS WORKED LOCAL 1165

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | R. Eich | | | | | | | | 22 | 25 | 28 | | 38 | 113 |
| 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 | K. Lara | | | | | | | | | | 109 | | | 166 |
| 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 | S. Brown | 214 | 40 | | 73 | 153 | 163 | 133.5 | | | | | | 776.5 |
| | H. Lao | | | | | | | | | | | | 309 | 309 |
| | R. Cox | | | | | | | | | | | | 406 | 406 |
| 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 | A. Taylor | | | | | | | | | | | | 452 | 452 |
| | B. Williams | | | | | | | | | | | | 128 | 128 |
| | M. Walker | | | | | | | | | | | | 443 | 443 |
| | T. Walker | | | | | | | | | | | | 328 | 328 |
| | D. Williford | | | | | | | | | | | | 48 | 48 |
| | | | | | | | | | | | | | 0 | |
| | | | | | | | | | | | | | 0 | |
| | | | | | | | | | | | | | 0 | |
| **TOTAL** | | 214 | 40 | 0 | 73 | 153 | 163 | 133.5 | 22 | 25 | 104 | 0 | 2150 | 3167.5 |

### DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pension | 6/05 | 6.55 | 8/05 | 7.15 | $1,401.70 | $282.00 | $0.00 | $478.15 | $1,002.15 | $1,057.65 | $874.43 | $167.30 | $178.75 | $1,387.10 | $0.00 | $15,372.50 | $22,181.73 |
| Fti | 6/05 | 0.05 | 8/05 | 0.05 | $10.70 | $2.00 | $0.00 | $3.85 | $7.65 | $3.15 | $8.80 | $1.10 | $1.25 | $9.70 | $0.00 | $107.50 | $158.38 |
| Industry Advancement | 6/05 | 0.05 | 8/05 | 0.05 | $10.70 | $2.00 | $0.00 | $3.65 | $7.65 | $3.15 | $6.88 | $1.10 | $1.26 | $9.70 | $0.00 | $107.50 | $158.38 |
| **TOTAL** | | | | | $1,423.10 | $286.00 | $0.00 | $485.45 | $1,017.45 | $1,063.95 | $887.76 | $169.50 | $181.26 | $1,406.50 | $0.00 | $15,587.50 | $22,498.48 |

### TOTALS DUE

| | |
|---|---|
| Due to Pension | $22,181.73 |
| Due to FTI | $158.38 |
| Due to Industry Advancement | $158.38 |
| | $22,498.48 |

## WILLIAMS ARCHITECTURAL GLASS
### 2007 HOURS WORKED LOCAL 1165

| SSN | NAME | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | R. Eich | 32 | | | | | | | | | | | | 32 |
| 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 | H. Lee | | | 320 | | | | | | | | | | 320 |
| | B. Williams | | | 469.5 | | | | | | | | | | 469.5 |
| | | | | | | | | | | | | | | 0 |
| | | | | | | | | | | | | | | 0 |
| | | | | | | | | | | | | | | 0 |
| | | | | | | | | | | | | | | 0 |
| | | | | | | | | | | | | | | 0 |
| | | | | | | | | | | | | | | 0 |
| | | | | | | | | | | | | | | 0 |
| | | | | | | | | | | | | | | 0 |
| **TOTAL** | | 32 | 0 | 769.5 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 821.5 |

### DOLLAR AMOUNTS DUE

| FUND | DATE | RATE | JAN. | FEB. | MARCH | APRIL | MAY | JUNE | JULY | AUG. | SEPT. | OCT. | NOV. | DEC. | TOTAL DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pension | 8/08 | 7.15 | $228.80 | $0.00 | $5,644.93 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $5,873.73 |
| FTI | 8/08 | 0.05 | $1.60 | $0.00 | $39.48 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $41.08 |
| Industry Advancement | 8/08 | 0.05 | $1.60 | $0.00 | $39.48 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $41.08 |
| **TOTAL** | | | $232.00 | $0.00 | $5,723.88 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $5,955.88 |

**TOTALS DUE**

Due to Pension                $5,873.73
Due to FTI                       $41.08
Due to Industry Advancement      $41.08

                              $5,955.88

# JENNINGS SIGMOND

## ATTORNEYS AT LAW

**JENNINGS SIGMOND, P.C.**
THE PENN MUTUAL TOWERS
16TH FLOOR
510 WALNUT STREET
INDEPENDENCE SQUARE
PHILADELPHIA, PA 19106-3683
215-922-6700
Fax 215-922-3524

Jerome A. Flanagan
Direct Dial: (215) 351-0660
E-Mail Address: jflanagan@jslex.com

Member: PA & NJ Bars

September 18, 2007

**JENNINGS SIGMOND, P.C.**
ONE GREENTREE CENTRE
SUITE 201
MARLTON, NJ 08053
856-667-6950
Fax 856-667-6982

**VIA E-MAIL & OVERNIGHT MAIL**

Christopher Thorpe
Williams Architectural Glass & Glazing, Inc.
   a/k/a Williams Architectural Glass & Glazing Inc
   a/k/a Williams Architectural Glass & Glazing
   a/k/a Williams Arch. Glass & Glazing
2468 Broadway
Gary, IN 46407

     **RE:**   **International Painters and Allied Trades Industry Pension Fund v.**
           **Williams Architectural Glass & Glazing, Inc. a/k/a Williams**
           **Architectural Glass & Glazing Inc a/k/a Williams Architectural**
           **Glass & Glazing a/k/a Williams Arch. Glass & Glazing**
           **Civil Action No. 07-469(RCL)**

Dear Mr. Thorpe:

     As you know, we are counsel to the International Painters and Allied Trades Industry Pension Fund ("Pension Fund") who have asked that we contact you concerning the delinquency revealed by the recent audit of Williams Architectural Glass & Glazing, Inc.'s ("Company") payroll and related records covering the period January 1, 2004 through June 30, 2007, a copy of which is enclosed. The Pension Fund also acts as the collection agent for the LMCI Fund, PAT Fund, FTI Fund and the Annuity Fund (all jointly referred to as "Funds").

     Based on the auditor's review of Company's records, the Funds are owed contributions of $39,549.92 in addition to the unpaid contributions of $7,020.83 owed under the July 12, 2007 judgment. Therefore, Company owes unpaid contributions totaling $42,185.02. In addition to the unpaid contributions, Company also owes the following:

| | | |
|---|---|---|
| (a) | Liquidated Damages | $8,437.11 |
| (b) | Interest | $3,475.83 |
| (c) | Attorney's Fees and Costs | $6,047.66 |
| (d) | Audit Costs | $1,827.43 |

188075-1



Based on the foregoing, Company owes the Funds a grand total of $61,973.05. This letter, then, is intended as the Pension Fund's formal request for payment of $61,973.05. Kindly send a certified check for this amount to my attention made payable to the IUPAT Industry Pension Fund. If Company is unable to pay this delinquency in a lump sum, please contact me to discuss terms for an acceptable repayment plan including collateral security to insure payment.

If, after you review the enclosed material, you conclude that the amounts claimed by the Funds are not owed, in whole or in part, then please forward a detailed written statement outlining your position, identifying the amounts you claim are not owed and provide all documents that you contend support your position. If there are amounts not in dispute then you must immediately remit payment of these amounts.

Please contact me within ten (10) days from the date of this letter to let me know how you wish to proceed. Absent my hearing from you and our reaching agreement on a procedure for resolving this delinquency, the Funds will have no alternative but to request a supplemental judgment in the United States District Court for the District of Columbia for the amounts not included in the Court's July 12, 2007 Order and to continue all collection efforts available under the law.

Should you or your legal counsel have any questions or wish to discuss this matter, please do not hesitate to contact me.

Sincerely,

JEROME A. FLANAGAN

JAF
ptintf.28746.c
williams architectural glass & glazing
Enclosures
cc:    Tom Montemore (without enclosures)

188075-1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

INTERNATIONAL PAINTERS AND ALLIED )
TRADES INDUSTRY PENSION FUND )
 )
     Plaintiff )  CIVIL ACTION NO.
 v.   )  07-469 (RCL)
 )
WILLIAMS ARCHITECTURAL GLASS &)
GLAZING, INC. )
  a/k/a Williams Architectural Glass & )
  Glazing Inc )
  a/k/a Williams Architectural Glass & )
  Glazing )
  a/k/a Williams Arch. Glass & Glazing )
 )
     Defendant )

## DECLARATION OF THOMAS C. MONTEMORE

Thomas C. Montemore states under penalty of perjury that the following is true and correct:

1. My name is Thomas C. Montemore and I am the Assistant to the Fund Administrator of the International Painters and Allied Trades Union and Industry Pension Fund ("Pension Fund", "Fund" or "Plaintiff"). I have held that position since February 1, 2000. I served as Delinquency Controller from 1988 through October 31, 2000 and I have served as the Delinquency Coordinator from 1986 to 1988, and before that, acted as Agreement Clerk from 1982 to 1986, and File Clerk beginning in 1979.

2. The Pension Fund is an "employee benefit pension plan" as defined in Section 3(2)(A)(i) of ERISA, as amended, 29 U.S.C. §1002(A)(i), established by the International Brotherhood of Painters and Allied Trades, AFL-CIO-CFL ("Brotherhood"), and employers in

193370-1

EXHIBIT
4

private industry whose employees are members of or otherwise represented by the Brotherhood and its district councils and local unions, for the purpose of providing retirement income to the employees. The Pension Fund is administered in the District of Columbia from its and my principal place of business at 1750 New York Avenue, N.W., Washington, D.C. 20006.

3.      Williams Architectural Glass & Glazing, Inc. a/k/a Williams Architectural Glass & Glazing Inc a/k/a Williams Architectural Glass & Glazing a/k/a Williams Arch. Glass & Glazing ("Company") is an employer in Gary, Indiana in an industry affecting interstate commerce.  Company is currently a contributing employer of the Pension Fund as Company is bound to a collective bargaining agreement with the International Brotherhood of Painters and Allied Trades, AFL-CIO, CLC. For all times relevant to this action, Company has remained signatory to a collective bargaining agreement with the International Brotherhood of Painters and Allied Trades, AFL-CIO, CLC. Under the terms of the collective bargaining agreement, Company is bound to the Agreement and Declaration of Trust ("Trust Agreement") of the Pension Fund and the International Painters and Allied Trades Industry Pension Plan ("Plan"). A true and correct copy of the Pension Fund's Trust Agreement is attached to the Complaint as Exhibit 1. A true and correct copy of the relevant provisions of the Plan is attached to the Complaint as Exhibit 2. The collective bargaining agreement requires Company to submit monthly contributions to the Pension Fund on behalf of all employees in the bargaining unit, and sets forth the rate of contribution and the method for calculating the total amount of contributions due the Pension Fund. Contributions must be made for each hour for which employees receive pay at the contribution rate specified in the agreements. Failure to make the required contributions, or to submit both incorrect or late remittance reports and contributions, results in a

delinquency to the Pension Fund.

4.      Company is required to submit to one or more compliance audits for all periods in which it is required to make fringe benefit contributions to the Pension Fund. These audits are designed to ensure that signatory employers, such as the Company, are remitting the proper amount of contributions each month.

5.      Defendant owes additional contributions in the amount of $35,164.19 for the period January 1, 2004 through June 30, 2007 as revealed by an audit conducted for that period.

6.      Defendant owes interest through February 15, 2008 in the amount of $3,887.78 on the unpaid pension contributions listed in ¶5. This interest has been calculated in accordance with the fluctuating IRS interest rate, as provided at Section 10.12 of the Plan.

7.      As a result of Defendant's failure to submit required contributions and failure to submit contributions in a timely manner, the Pension Fund is owed $7,032.84 in liquidated damages on the delinquent contributions indicated in ¶8. Section 10.12 of the Plan parallels Section 502(g)(2) of ERISA, 29 U.S.C. Section 1132(g)(2), and requires the assessment of liquidated damages in an amount equal to the greater of the following: the amount of interest owed on the delinquent contributions, or twenty percent (20%) of the delinquent contributions. As noted above, the total interest owed through February 15, 2008 on the contributions indicated in ¶5 is $3,887.78.  Twenty percent (20%) of the delinquent contributions from ¶5 equals $7,032.84. Since this amount is greater than the interest amount, the Defendant owes $7,032.84 in liquidated damages.

8.      Defendant owes audit costs of $1,827.43 for the audit conducted for the period January 1, 2004 through June 30, 2007.

9.      Despite a continuing contractual obligation to do so, Defendant repeatedly fails to submit timely remittance reports and pension contributions. The Pension Fund and its Trustees are required to pay pensions to all properly vested employees of contributing employers. Employees of contributing employers continue to accrue pension credits, based on the hours of their employment, regardless of whether their employers make pension contributions on their behalf for these hours, as contractually required. The Pension Fund's obligation to recognize these pension credits and to pay pensions to vested employees is absolute and continues even if an employer fails to pay its required pension contributions. Defendant's refusal to contribute as it is bound results in irreparable harm and injury to the Pension Fund -- an obligation to make pension payments to employees without the necessary pension contributions from Defendant to cover those benefits. Moreover, whenever Defendant fails to submit remittance reports, accurately reflecting the number of hours for which its employees received pay, Defendant prevents the Pension Fund from calculating the proper pension credits due to Defendant's employees. Defendant, therefore, should be required to submit timely remittance reports and pension contributions in the future.

**(INTENTIONALLY LEFT BLANK)**

10.     I have executed this Declaration in support of Plaintiff's Motion for Entry of

Supplemental Judgment, and request this Court to consider the same as proof in support of the

allegations contained in the Complaint of the Pension Fund and other facts stated in this

Declaration.

> I declare under penalty of perjury in accordance
> with 28 U.S.C. §1746 that the foregoing is true and
> correct to the best of my knowledge, information
> and belief

Executed on: _2/12/08_

_Thomas C. Montemore_

THOMAS C. MONTEMORE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff | ) | CIVIL ACTION NO. |
| v. | ) | 07-469 (RCL) |
| | ) | |
| WILLIAMS ARCHITECTURAL GLASS & GLAZING, INC. | ) ) | |
| a/k/a Williams Architectural Glass & Glazing Inc | ) ) | |
| a/k/a Williams Architectural Glass & Glazing | ) ) | |
| a/k/a Williams Arch. Glass & Glazing | ) ) | |
| Defendant | ) | |

## DECLARATION OF JEROME A. FLANAGAN, ESQUIRE

JEROME A. FLANAGAN states:

1.      I am an associate attorney employed by Jennings Sigmond, P.C.  I presently serve as counsel to the International Painters and Allied Trades Industry Pension Fund ("Pension Fund").  I submit this declaration to support an award of attorney fees to Plaintiff.

Case Fees

2.      Attached as Exhibit 6 to Plaintiff's Motion for Entry of Supplemental Judgment, and incorporated herein by reference, is a list showing all work performed by the office of Jennings Sigmond, P.C. and related costs in connection with this action through February 11, 2008. The listing was prepared from contemporaneous attorney time and expenses records and bills, the originals of which are maintained in the regular business records of Jennings Sigmond. Each piece of work is separately coded and the work performed is described.  Plaintiff has incurred post-judgment fees and costs in the amount of $5,761.60.

193160-1



3.    The identity of those performing services related to this matter and normal hourly rates are as follows.

| INITIALS | NAME | TITLE | HOURLY RATE |
|----------|------|-------|-------------|
| SGR | Sanford G. Rosenthal | Shareholder | $220.00 |
| JAF | Jerome A. Flanagan | Associate | $220.00 |
| CTM | Cathy T. Morton | Paralegal | $ 70.00 |

Attorney Background and Experience

4.    Sanford G. Rosenthal.  Sanford G. Rosenthal, retired, was a firm shareholder and co-leader of the ERISA practice.  He had practiced law for 23 years prior to his recent retirement. He received his undergraduate education at Pennsylvania State University, where he graduated in 1971. He worked as Audit Manager and Office Manager in the administrative team for the Teamsters Health and Welfare and Pension Funds of Philadelphia and Vicinity from 1971 through 1980. Mr. Rosenthal attended the Dickinson School of Law, where he was awarded the Degree of Juris Doctor in 1983.  Mr. Rosenthal was a member of the Bar of the Supreme Court of Pennsylvania and the District of Columbia Bar. He was also admitted to practice before the United States Court of Appeals for the Third Circuit and the United States District Courts for the Eastern and Middle Districts of Pennsylvania. His practice concentrated on the representation of multiemployer benefit funds in delinquency litigation and counseling. A sample of his litigation experience is available in 32 published cases that be obtained through a Westlaw search for "AT ("Sanford G. Rosenthal") and Jennings" in the FPENS-CS library.

5.    Jerome A. Flanagan. Jerome A. Flanagan, an associate in the firm, has practiced law for three (3) years. He graduated in 2000 from the University of Scranton, with a Bachelors Degree in English.  He received his law degree in 2003 from Syracuse University. Following law

school, Mr. Flanagan served as a judicial clerk in Lackawanna County, Pennsylvania. Prior to joining Jennings Sigmond, P.C., Mr. Flanagan practiced insurance defense in the Philadelphia area.

6.    Catherine T. Morton. Catherine T. Morton was a Paralegal in the Jennings Sigmond office. She had been with the office for six (6) years prior to departing the firm in 2007.

Legal Market Benchmark

7.    The time and fees charged in this case are reasonable based on prevailing market rates for similar services by lawyers of reasonably comparable skill, experience and reputation in both the Philadelphia and District of Colombia markets.

8.    My opinion that the time and fees are reasonable is based on a number of factors, including the following:

(a)    We serve as counsel or co-counsel to over 20 multiemployer employee benefit funds groups. The firm currently has 14 lawyers, with a dedicated benefits department of eight (8) lawyers plus part-time work by several other lawyers in the labor practice. The work is specialized and our competition often is large corporate firms with both employee benefits and federal litigation experience. In my experience, our fees are normally substantially lower than the charges of larger firms.

(b)    The hourly rates in this case are consistent with market rates in published surveys by Altman Weil, a leading law firm consultant. Specifically, Altman Weil found a median hourly rate in 2005 of $195 for associates in the Middle Atlantic region (encompassing Philadelphia) and a median hourly rate of $190 for associates in the South Atlantic region (encompassing Virginia). The hourly rates for associates ranged up to $270 (South Atlantic region) and $273

(Mid Atlantic region) at the 90th percentile. See Associate Hourly Billing Rates (March 10,

2006), reprinted from http://www.altmanweil.com/PracticeSpecialtiesRates/. The median rate for

partners (shareholders) in employee benefits litigation was $305 per hour, *id.*, Practice

Specialties and Hourly Rates (October 1, 2005).  The hourly rates in this action, for both

associates and partners (shareholders) are clearly less than the median hourly rates set forth

above.

      (c)     The fees are consistent with market ranges in a 2004 Ohio bar association survey,

downloads.ohiobar.org/conventions/convention2005/session508%20Economics%20of%20Law.p

df, especially pages 26 and exhibit 27, especially after giving weight to increases from 2004 to

2006 (roughly 5% per year on average in the Ohio survey) and regional differences reflected in

Altman Weil data (Exhibit 7), showing an 8.33% higher rate in median associates' rates in the

Middle Atlantic region ($195) over the East North Central region covering Ohio ($180)).  The

Ohio survey showed median hourly associate rates in the comparable downtown Cleveland,

Cincinnati and Columbus areas of $200 - $235 per hour, ranging up to $ $334 - $359 at the 90[th]

percentile. *See*, Exhibit 8 (excerpt page 26).  It also shows that a $70 per hour paralegal rate is

less than the median rate for 5 years experience in Ohio, without adjustment for regional

differences, Exhibit 8 (Ex. 27).

      I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information and belief.

Signed on: 2/14/08

                              JEROME A. FLANAGAN, ESQUIRE
                              The Penn Mutual Towers, 16th Floor
                              510 Walnut Street, Independence Square
                              Philadelphia, PA 19106-3683
                              (215) 351-0660
                              An Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff | ) | CIVIL ACTION NO. |
| v. | ) ) | 07-469 (RCL) |
| WILLIAMS ARCHITECTURAL GLASS & GLAZING, INC. | ) ) | |
| a/k/a Williams Architectural Glass & Glazing Inc | ) ) | |
| a/k/a Williams Architectural Glass & Glazing | ) ) | |
| a/k/a Williams Arch. Glass & Glazing | ) ) | |
| Defendant | ) | |

**JENNINGS SIGMOND ATTORNEYS' FEES – February 2008**

| <u>Date</u> | <u>Attorney</u> | <u>Task</u> | <u>Time</u> |
|---|---|---|---|
| 2/4/08 | JAF | Phone conference with Attorney R. Dennerline; Review of documents; Review of correspondence from Attorney R. Dennerline (2x); Preparation of correspondence to P. Gilbert; Memo to file. | 0.8 |
| 2/5/08 | JAF | Review of correspondence from T. Montemore; Review of documents; Memo to file. | 0.3 |
| 2/7/08 | JAF | Review of documents; Calculate updated delinquency; Review of docket; Preparation of Motion for Supplemental Judgment; Preparation of Supporting Affidavits. | 4.9 |
| 2/11/08 | JAF | Review of documents; Calculate updated delinquency; Review of correspondence from P. Gilbert (2x); Computer research; Preparation of correspondence to P. Gilbert (2x); | |

193160-1


EXHIBIT
6

Review and Revision of Motion for Supplemental
Judgment and Supporting Memorandum;
Review and Revision of Attorney Declaration;
Review and Revision of Montemore Declaration;
Preparation of Exhibits;
Memo to file.                                              3.7


**August Total:**    **9.7**


**Summary:**

February Fees JAF  9.7  hrs  x  $220.00:            $2,134.00
Additional Fees/Costs not included in 7/12/07 Judgment    $3,627.60

**Total Fees/Costs:**                               <u>**$5,761.60**</u>

Report ID: OT2025 - 16531
Tuesday, February 05, 2008

# Jennings Sigmond, P.C.
## Time And Expense Details

Printed By   MHT
Page   1

| Client | Client Reporting Name | Matter | Matter Reporting Name | Billing Timekeeper |
|---|---|---|---|---|
| OTINTF | IUPAT Industry Pension Fund | 28746 | Williams Architectural Glass | Sigmond, Richard B. |

Beginning To End

### Unbilled Time

| Date | Timekeeper | Hours Worked | Hours To Bill | Rate | Amount Task | Activity | Narrative |
|---|---|---|---|---|---|---|---|
| 1/8/2008 | JAF | 0.50 | 0.50 | 220.00 | $110.00 | | Review of Documents; Preparation of Litigation Status Report |
| 1/30/2008 | JAF | 0.50 | 0.50 | 220.00 | $110.00 | | Review of Documents; Preparation of Updated Delinquency; Memo to File |

**Unbilled Time Totals:** 1.00 | 1.00 | | $220.00

### Billed Time

| Date | Timekeeper | Hours Worked | Hours On Bill | Rate | Amount Task | Activity | Narrative |
|---|---|---|---|---|---|---|---|
| 2/28/2007 | SGR | 0.40 | 0.40 | 200.00 | $80.00 | | Review of Correspondence from Fund regarding New Delinquency Case |
| 3/2/2007 | JAF | 1.50 | 1.50 | 200.00 | $300.00 | | Review of Documents; Preparation of Litigation Intake Memo |
| 3/8/2007 | SGR | 0.20 | 0.20 | 200.00 | $40.00 | | Review of Documents |
| 3/14/2007 | CTM | 0.20 | 0.20 | 70.00 | $14.00 | | Computer Research re: corporate information |
| 4/10/2007 | CTM | 0.40 | 0.40 | 70.00 | $28.00 | | Preparation of Complaint |
| 4/16/2007 | JAF | 0.70 | 0.70 | 200.00 | $140.00 | | Review of Complaint |
| 4/17/2007 | JAF | 2.60 | 2.60 | 200.00 | $520.00 | | Review of Electronic Court Documents regarding Summons and Complaint; Phone Conference with Judge's Clerk regarding Affidavit; Preparation of Affidavit of Service for Electronic Court Filing and Filing Same |
| 4/18/2007 | JAF | 1.90 | 1.90 | 200.00 | $380.00 | | Review of Documents; Review of docket; Review of attorneys' fees and costs; Memo to File |
| 4/20/2007 | JAF | 3.50 | 3.50 | 200.00 | $700.00 | | Review of Documents; Preparation of Request to Enter Default; Preparation of Correspondence to P. Gilbert re: updated delinquency; Review of docket; Preparation of Default Motion |
| 4/20/2007 | CTM | 0.20 | 0.20 | 70.00 | $14.00 | | Review of Documents; Preparation of Motion for Default and supporting affidavits. |
| 4/25/2007 | CTM | 0.20 | 0.20 | 70.00 | $14.00 | | Review of Correspondence from P. Gilbert re: updated delinquency; Preparation of Correspondence P. Gilbert; Review and Revision of Motion for Default; |
| 4/25/2007 | JAF | 1.90 | 1.90 | 200.00 | $380.00 | | Preparation of exhibits re: Motion for Default; Review of Motion for Default Judgment; Review and Revision of Motion re: audit references; Review and Revision of Montemore Declaration |
| 5/8/2007 | JAF | 0.50 | 0.50 | 200.00 | $100.00 | | Review of Documents; Phone Conference with Gwen at Company Regarding Settlement; Memo to File |

Report ID:  OT2025 - 15831
Tuesday, February 05, 2008

# Jennings Sigmond, P.C.
## Time And Expense Details

Beginning To End

Printed By    MHT
Page          2

| Billed Time Date | Timekeeper | Status | Hours Worked | Hours On Bill | Rate | Amount | Task | Activity | Narrative |
|---|---|---|---|---|---|---|---|---|---|
| 5/29/2007 | JAF | 07/03/2007 Post Date | 2.70 | 2.70 | 200.00 | $540.00 | Original Post Period 2007 | Original Post Year | Review of Documents Review of Correspondence from P. Gilbert and T. Montemore (x6) Preparation of Correspondence to P. Gilbert and T. Montemore (x4) Phone Conference with Gwen at Company (x2) Review of fax from Gwen at Company Regarding Remittance Reports for January 2007 and April 2007 Memo to File |
| 5/30/2007 | JAF | | 1.10 | 1.10 | 200.00 | $220.00 | | | Review of Documents Review of Correspondence from P. Gilbert and T. Montemore (x2) Review of Correspondence to P. Gilbert and T. Montemore Preparation of Correspondence to P. Gilbert and T. Montemore Phone Conference with T. Montemore Regarding Settlement Phone Conference with Gwen at Company Regarding Same Calculate Delinquency |
| 5/31/2007 | JAF | | 1.80 | 1.80 | 200.00 | $360.00 | | | Review of Documents Phone Conference with G. Williams at Company Regarding Settlement Phone Conference with Gwen at Company Regarding Settlement |
| 6/14/2007 | JAF | | 0.30 | 0.30 | 220.00 | $66.00 | | | Phone Conference with T. Montemore Regarding Settlement |
| 6/15/2007 | JAF | 07/03/2007 Post Date | 1.70 | 1.70 | 220.00 Entry Date 06/14/2007 | $374.00 | Original Post Period 7 | Original Post Year 2007 | Phone Conference with Gwen at Company Review of Documents Preparation of Settlement Agreement Preparation of Amortization Schedule Calculate Fees and Costs |
| 6/20/2007 | JAF | 07/03/2007 Post Date | 0.50 | 0.50 Entry Date 06/20/2007 | 220.00 | $110.00 | Original Post Period 7 | Original Post Year 2007 | Review of Documents Review and Revision of Settlement Agreement Preparation of Correspondence to Gwen at Company Regarding Settlement Agreement |
| 6/26/2007 | JAF | 07/03/2007 Post Date | 0.60 | 0.60 Entry Date 06/26/2007 | 220.00 | $132.00 | Original Post Period 7 | Original Post Year 2007 | Phone Conference with C. Thorpe at Company Regarding Settlement Review of Documents |
| 7/3/2007 | JAF | Current Period Status | 0.50 | 0.50 | 220.00 | $110.00 | | | Review of Documents Preparation of Updates to Litigation Status Report |
| 7/13/2007 | CTM | 07/03/2007 Post Date | 0.20 | 0.20 | 70.00 | $14.00 | | | Review of Electronic Court Documents regarding Judgment |

# Jennings Sigmond, P.C.
## Time And Expense Details

Beginning To End

## Billed Time

| Date | Timekeeper | Hours Worked | Hours On Bill | Rate | Amount | Task | Activity | Narrative |
|------|-----------|-------------|---------------|------|--------|------|----------|-----------|
| 7/19/2007 | JAF | 0.50 | 0.50 | 220.00 | $110.00 | | | Review of Order Granting Default Judgment |
| 7/25/2007 | JAF | 0.70 | 0.70 | 220.00 | $154.00 | | | Preparation of Correspondence to P. Gilbert and T. Montemore<br>Review of Documents<br>Memo to File<br>Phone Conference with T. Montemore<br>Review of Documents |
| 7/26/2007 | JAF | 0.50 | 0.50 | 220.00 | $110.00 | | | Phone Conference with Gwen at Company<br>Preparation of Correspondence to T. Montemore and P. Gilbert<br>Review of Docket<br>Memo to File |
| 9/17/2007 | JAF | 2.10 | 2.10 | 220.00 | $462.00 | | | Review of Documents<br>Review of Correspondence from T. Montemore (x4)<br>Preparation of Correspondence to T. Montemore (x2)<br>Phone Conference with Gwen at Company<br>Phone Conference with T. Montemore<br>Review of Correspondence from P. Gilbert (x2)<br>Review of Documents<br>Review of Audit Report<br>Review of Docket<br>Letter to Company Regarding Updated Delinquency<br>Memo to File<br>Preparation of Correspondence to P. Gilbert (x2) |
| **Totals** | | **27.40** | **27.40** | | **$5,472.00** | | | |

## Billed Expenses

| Date | Amount | Exp Code | Narrative |
|------|--------|----------|-----------|
| 3/1/2007 | $86.15 | CRDB | Computer Research - Dun & Bradstreet |
| 3/8/2007 | $350.00 | 7100 | Filing Fee - Complaint |
| 3/19/2007 | $17.92 | COPY | Photocopies |
| 4/12/2007 | $103.10 | 7100 | Service of Process |
| 4/13/2007 | $0.14 | COPY | Photocopies |
| 6/23/2007 | $18.35 | SD | Special Delivery |
| 9/19/2007 | $20.00 | 7100 | Certified Judgment |
| 9/19/2007 | $39.00 | 7100 | Registration in another District |
| 9/22/2007 | $13.59 | SD | Special Delivery |
| 10/13/2007 | $18.52 | SD | Special Delivery |
| **Totals** | **$666.77** | | |

Report ID:  OT2025 - 15831
Tuesday, February 05, 2008

# Jennings Sigmond, P.C.
## Time And Expense Details

Beginning To End

| | Hours Worked | Hours To Bill | Fee Amount | Expense Amount | Total Amount |
|---|---|---|---|---|---|
| Report Totals | 28.40 | 28.40 | $5,692.00 | $666.77 | $6,358.77 |

*** End Of Report ***

# Associate Hourly Billing Rates by Region



| Region | Median | 90th Percentile |
|---|---|---|
| New England | $185 | $250 |
| Middle Atlantic | $195 | $273 |
| South Atlantic | $190 | $270 |
| E. So. Central | $170 | $220 |
| W. So. Central | $175 | $240 |
| E. No. Central | $180 | $275 |
| W. No. Central | $145 | $190 |
| Mountain | $175 | $250 |
| Pacific | $195 | $290 |

Source: Altman Weil Survey of Law Firm Economics
2005 Edition

See following page for states included
in each region.



EXHIBIT



Census Regions and Divisions of the United States



# Median Hourly Billing Rates
## Litigation Specialties

Top Five
Hourly Rates

Equity and
Non-Equity
Partners

| | | | | |
|---|---|---|---|---|
| $380 | $330 | $325 | $305 | $305 |
| Antitrust | IP | Tax | Employee Benefits | Criminal |

$375
$325
$275
$225
$175
$125

Source: Altman Weil Survey of Law Firm Economics
2005 Edition



# THE 2004 ECONOMICS OF LAW PRACTICE IN OHIO SURVEY

## Introduction

During the spring of 2004, the Ohio State Bar Association, Section on Solo, Small Firms and General Practice (OSBA) surveyed the Ohio legal community on the economics of law practice. Two online surveys were utilized, replacing the single mail-based survey instrument provided in past years.

With respect to the economics of law practice, similar studies were undertaken in 2001, 1998, 1994 and 1990. The objectives of these studies were to determine, among other things:

- current demographics of practicing attorneys;

- attorney net income by practice category, gender, field of law, office location, work status, years in practice and firm size;

- associate, legal assistant, and secretary compensation by years of experience and office location;

- prevailing average hourly billing rates for attorneys by a variety of indicators, and rates for legal assistants by years of experience, firm size and office location;

- attorney time allocated to billable and non-billable professional activities; and

- overhead expenses associated with maintaining a private practice by office location and firm size.

Attorneys can compare themselves and their firms against "norms" established by the aggregation of survey data. Time series information is also provided to denote trends. Norms include statistics that are organized by combinations of office location, firm size, gender, work status (full-time vs. part-time), practice class, area of legal concentration and years of practice.

The above information has been consolidated into this reference to help guide attorneys as they plan and manage their professional lives.

For 2004, a survey dedicated to law office technology and marketing issues was also fielded at the same time as the economics survey. Findings from this survey are summarized as Current Issues on Law Office Technology and Marketing in Ohio, 2004 and are available at www.ohiobar.org

© 2004 Ohio State Bar Association. All rights reserved.

1

*Economics of Law Practice in Ohio • 9*



EXHIBIT
8

## IV.    BILLING RATES AND PRACTICES

A.    Takeaways.

1.    The median hourly billing rate for all attorneys was *S175* for 2004 and *S110* for 1994. The average annual rate of increase in hourly billing rates during this time period was *5.9%.*

2.    Rates have increased the most in *suburban Cincinnati* (7.3% per year) and least in *suburban Columbus* (2.5%).

3.    Rates increased most for *partners in firms with 8+ partners* (5.9%) and least for *partners in firms with two to seven partners* (3.7%).

4.    *Rates increased the most for respondents in* firms with two to five attorneys (6.05%) and least for respondents in *firms with more than 20 attorneys* (4.2%).

5.    Rates increased the most for *estate planning attorneys* (9.5%) and *tax attorneys* (7.6%) and least for *bankruptcy* (2%) and *municipal/public entity* attorneys (- 1%).

6.    Fifty-six percent of respondents had *not changed* their rates in one year or more.

7.    When rates are raised, the prevalent increase is *6-10%* (41% of respondents).

8.    *Uncollectibles* (greater than 2% of fees billed) are increasing. The prevalent range is *3-8% of fees billed* (33% in 2004 and 30% in 2000).

9.    Attorneys are *increasingly adding service charges* to delinquent accounts where applicable (30% in 2004 compared with 20% in 1990).

B.    Implications.

1.    There is still pricing power for legal services despite intense competition and an ever growing supply of attorneys.

2.    Existing and new practice management benchmarks should be available, especially for solos and small firm practicing attorneys, to enable relative standing self assessments.

## V.    ATTORNEY TIME ALLOCATIONS

A.    Takeaways.

1.    The median value for *total hours* worked in 2004 rose to *50* from *48* in 1990 (2500 hours per year on a 50-week year).

**Law Firm Billing Rates and Billing Practices**

## 2004 Attorney Hourly Billing Rates

The reported 2004 median hourly billing rate is $200. The average is $206. While several interacting factors affect the setting and application of hourly billing rates, Exhibit 21 includes three discrete factors: respondents' firm size, years in practice and office location, while Exhibit 22 identifies respondents' primary source of income, and practice category.

**Exhibit 21    2004 HOURLY BILLING RATES BY FIRM SIZE, YEARS IN PRACTICE AND OFFICE LOCATION**

| Size of Firm | N | Mean | 25th | Median | 75th | 95th |
|---|---|---|---|---|---|---|
| 1 | 196 | $155 | $125 | $150 | $175 | $225 |
| 2 | 55 | 164 | 125 | 150 | 185 | 250 |
| 3-6 | 77 | 176 | 150 | 175 | 200 | 256 |
| 7-10 | 40 | 196 | 150 | 180 | 244 | 300 |
| 11-20 | 39 | 189 | 155 | 195 | 225 | 275 |
| 21-50 | 49 | 206 | 163 | 200 | 238 | 320 |
| 51+ | 72 | 249 | 186 | 240 | 300 | 377 |
| **Yrs. in Practice** | | | | | | |
| 5 or less | 70 | $147 | $125 | $143 | $175 | $222 |
| 6-10 | 78 | 164 | 125 | 150 | 190 | 250 |
| 11-15 | 65 | 185 | 150 | 180 | 228 | 296 |
| 16-25 | 131 | 184 | 150 | 165 | 220 | 306 |
| More than 25 | 183 | 200 | 150 | 190 | 230 | 340 |
| **Office Location** | | | | | | |
| Greater Cleveland | 121 | $200 | $150 | $185 | $238 | $350 |
| Greater Cincinnati | 61 | 199 | 150 | 180 | 245 | 325 |
| Greater Columbus | 120 | 194 | 150 | 180 | 233 | 300 |
| Greater Dayton | 25 | 179 | 150 | 175 | 193 | 296 |
| Northeast Region | 98 | 165 | 125 | 163 | 196 | 250 |
| Northwest Region | 47 | 152 | 120 | 150 | 175 | 263 |
| Southern Region | 56 | 155 | 125 | 150 | 175 | 250 |
| | | | | | | |
| Downtown Cleveland | 61 | $237 | $183 | $235 | $283 | $359 |
| Suburban Cleveland | 60 | 161 | 150 | 150 | 189 | 220 |
| Downtown Cincinnati | 40 | 213 | 153 | 200 | 271 | 368 |
| Suburban Cincinnati | 21 | 173 | 145 | 175 | 183 | 249 |
| Downtown Columbus | 67 | 217 | 165 | 210 | 260 | 334 |
| Suburban Columbus | 53 | 164 | 145 | 150 | 200 | 243 |
| Dayton | 25 | 179 | 150 | 175 | 193 | 296 |
| Canton | 12 | 154 | 116 | 153 | 183 | 250 |
| Akron | 41 | 186 | 150 | 190 | 223 | 273 |
| Toledo | 26 | 170 | 144 | 168 | 186 | 285 |
| Youngstown | 9 | 146 | 113 | 150 | 178 | 200 |
| Northeast Ohio | 36 | 149 | 125 | 138 | 188 | 225 |
| Northwest Ohio | 21 | 129 | 100 | 125 | 150 | 180 |
| Southeast Ohio | 16 | 155 | 125 | 150 | 188 | 250 |
| Southwest Ohio | 25 | 146 | 125 | 150 | 170 | 207 |
| Central Ohio | 15 | 171 | 150 | 165 | 185 | 250 |
| **All Attorneys** | 530 | $182 | $150 | $175 | $210 | $300 |

Exhibit 22     2004 HOURLY BILLING RATES BY PRIMARY FIELD OF LAW AND PRACTICE CLASS

| Primary Field of Law | N | Mean | 25th | Median | 75th | 95th |
|---|---|---|---|---|---|---|
| | | | Value by Percentile | | | |
| Administrative Law | 5 | $241 | $188 | $260 | $285 | $295 |
| Bankruptcy, Debtor | 18 | 135 | 115 | 150 | 168 | 190 |
| Collections | 10 | 146 | 119 | 135 | 164 | 250 |
| Corporate/Business Law | 48 | 201 | 150 | 183 | 225 | 340 |
| Criminal (Public Defendant) | 9 | 139 | 100 | 125 | 175 | 225 |
| Criminal (Private Defendant) | 12 | 154 | 125 | 150 | 173 | 250 |
| Domestic Relations/Family Law | 55 | 173 | 125 | 150 | 200 | 280 |
| Environmental Law/Natural Resources Law | 6 | 200 | 151 | 168 | 283 | 305 |
| General Practice | 14 | 136 | 118 | 132 | 161 | 185 |
| Health & Hospital Law | 6 | 203 | 148 | 195 | 263 | 300 |
| Intellectual Property | 10 | 216 | 174 | 223 | 250 | 300 |
| Labor Law (Management) | 6 | 185 | 150 | 168 | 236 | 255 |
| Employment Law (Management) | 25 | 187 | 138 | 175 | 238 | 324 |
| Employment Law (Labor) | 6 | 178 | 151 | 175 | 208 | 230 |
| Municipal/Public Entity Law | 8 | 164 | 111 | 138 | 225 | 305 |
| Product Liability | 5 | 226 | 138 | 205 | 325 | 425 |
| Personal Injury (Defendant) | 25 | 148 | 110 | 135 | 175 | 270 |
| Personal Injury (Plaintiff) | 43 | 179 | 150 | 160 | 200 | 300 |
| Professional Liability | 6 | 164 | 149 | 165 | 178 | 185 |
| Real Property Law | 26 | 164 | 125 | 150 | 195 | 315 |
| Taxation | 7 | 231 | 175 | 220 | 295 | 300 |
| Trial Practice, not PI (General Civil) | 20 | 190 | 140 | 177 | 200 | 415 |
| Trial Practice, not PI (Commercial) | 20 | 224 | 181 | 210 | 276 | 387 |
| Estate Planning/Wealth Management | 36 | 209 | 175 | 205 | 233 | 308 |
| Probate, Decedents' Estates | 49 | 176 | 150 | 175 | 200 | 250 |
| Workers' Compensation (Plaintiff) | 6 | 167 | 125 | 150 | 213 | 250 |
| Other | 23 | 200 | 150 | 190 | 250 | 358 |
| **Practice Classification** | | | | | | |
| Sole Practitioner | 168 | $153 | $125 | $150 | $175 | $225 |
| Solo with 1+ associates | 42 | 181 | 150 | 175 | 203 | 259 |
| Space Sharer | 21 | 160 | 125 | 150 | 175 | 275 |
| Partner in Firm with 2-7 Partners | 114 | 184 | 150 | 175 | 221 | 300 |
| Partner in Firm with 8+ Partners | 88 | 249 | 196 | 240 | 300 | 381 |
| Associate in Firm with 2-7 Partners | 31 | 156 | 125 | 150 | 175 | 264 |
| Associate in Firm with 8+ Partners | 56 | 180 | 150 | 175 | 210 | 263 |
| All Attorneys | 530 | $182 | $150 | $175 | $210 | $300 |

## Hourly Billing Rates for Associates and Legal Assistants

The distribution of hourly billing rates for associates and legal assistants are summarized by years of experience in Exhibit 23, by office location (Exhibits 24 and 25), and by firm size (Exhibits 26 and 27).

Exhibit 26 · **DISTRIBUTIONS OF 2004 HOURLY BILLING RATES FOR ASSOCIATES BY FIRM SIZE AND YEARS OF EXPERIENCE**

| Associate Billing Rate Category | Firm Size (Number of Attorneys) | | | | |
| --- | --- | --- | --- | --- | --- |
| | 2 | 3-6 | 7-20 | 21+ | All |
| **No Experience** | | | | | |
| <$135 | 57.9 | 78.1 | 69.0 | 43.5 | 61.9 |
| $136-145 | 15.8 | 9.4 | 10.3 | 19.6 | 13.5 |
| $146-155 | 15.8 | 9.4 | 17.2 | 19.6 | 16.1 |
| $156-165 | | | 1.7 | 6.5 | 2.6 |
| $166-175 | 10.5 | | 1.7 | 4.3 | 3.2 |
| $176-199 | | | | 6.5 | 1.9 |
| $225-249 | | 3.1 | | | 0.6 |
| Total | 100% | 100% | 100% | 100% | 100% |
| **3 Years Experience** | | | | | |
| <$135 | 43.8 | 35.3 | 39.0 | 13.0 | 31.0 |
| $136-145 | 18.8 | 20.6 | 22.0 | 19.6 | 20.6 |
| $146-155 | 25.0 | 29.4 | 20.3 | 21.7 | 23.2 |
| $156-165 | | 11.8 | 6.8 | 13.0 | 9.0 |
| $166-175 | 6.3 | 2.9 | 6.8 | 23.9 | 11.0 |
| $176-199 | 6.3 | | 5.1 | 8.7 | 5.2 |
| Total | 100% | 100% | 100% | 100% | 100% |
| **5 Years Experience** | | | | | |
| <$135 | 12.5 | 24.0 | 25.0 | 4.3 | 16.9 |
| $136-145 | 25.0 | 8.0 | 10.7 | 10.6 | 11.0 |
| $146-155 | 12.5 | 40.0 | 25.0 | 10.6 | 22.1 |
| $156-165 | 12.5 | 12.0 | 17.9 | 17.0 | 16.2 |
| $166-175 | | 16.0 | 10.7 | 10.6 | 11.0 |
| $176-199 | 12.5 | | 10.7 | 29.8 | 15.4 |
| $200-224 | 25.0 | | | 14.9 | 6.6 |
| $225-249 | | | | 2.1 | 0.7 |
| Total | 100% | 100% | 100% | 100% | 100% |
| **10 Years Experience** | | | | | |
| <$135 | 33.3 | 14.8 | 19.5 | 5.4 | 14.9 |
| $136-145 | 11.1 | | 4.9 | 2.7 | 3.5 |
| $146-155 | | 22.2 | 14.6 | 5.4 | 12.3 |
| $156-165 | 22.2 | 7.4 | 4.9 | 5.4 | 7.0 |
| $166-175 | | 14.8 | 14.6 | 16.2 | 14.0 |
| $176-199 | | 18.5 | 26.8 | 18.9 | 20.2 |
| $200-224 | 22.2 | 18.5 | 14.6 | 18.9 | 17.5 |
| $225-249 | 11.1 | 3.7 | | 10.8 | 5.3 |
| $250+ | | | | 16.2 | 5.3 |
| Total | 100% | 100% | 100% | 100% | 100% |

Exhibit 27    DISTRIBUTIONS OF 2004 HOURLY BILLING RATES FOR
LEGAL ASSISTANTS BY FIRM SIZE AND EXPERIENCE

| Legal Assistant Billing Rate Category | 2 | 3-6 | 7-20 | 21+ | All Firms |
|---|---|---|---|---|---|
| **No Experience** | | | | | |
| $50 or less | 40.0 | 60.0 | 50.0 | 20.0 | 41.0 |
| $51-60 | 30.0 | 20.0 | 20.0 | 17.1 | 20.0 |
| $61-70 | 10.0 | 4.0 | 10.0 | 5.7 | 7.0 |
| $71-80 | 20.0 | 8.0 | 10.0 | 25.7 | 16.0 |
| $81-90 | | 4.0 | | 8.6 | 7.0 |
| $91-100 | | 4.0 | 10.0 | | |
| $101-110 | | | | 17.1 | 7.0 |
| | | | | 5.7 | 2.0 |
| Total | 100% | 100% | 100% | 100% | 100% |
| **3 Years Experience** | | | | | |
| $50 or less | 12.5 | 25.0 | 13.3 | 2.8 | 11.7 |
| $51-60 | 62.5 | 35.0 | 23.3 | 11.1 | 24.5 |
| $61-70 | | 20.0 | 26.7 | 22.2 | 21.3 |
| $71-80 | | 10.0 | 13.3 | 11.1 | 10.6 |
| $81-90 | 12.5 | 5.0 | 10.0 | 22.2 | 13.8 |
| $91-100 | 12.5 | | 10.0 | 8.3 | 7.4 |
| $101-110 | | 5.0 | 3.3 | 8.3 | 5.3 |
| $111-120 | | | | 11.1 | 4.3 |
| >$120 | | | | 2.8 | 1.1 |
| Total | 100% | 100% | 100% | 100% | 100% |
| **5 Years Experience** | | | | | |
| $50 or less | 16.7 | 4.5 | 8.6 | 2.9 | 6.2 |
| $51-60 | | 27.3 | 17.1 | 5.9 | 14.4 |
| $61-70 | 66.7 | 22.7 | 11.4 | 14.7 | 18.6 |
| $71-80 | 16.7 | 31.8 | 34.3 | 11.8 | 24.7 |
| $81-90 | | 4.5 | 14.3 | 11.8 | 10.3 |
| $91-100 | | | 11.4 | 17.6 | 10.3 |
| $101-110 | | 9.1 | | 11.8 | 6.2 |
| $111-120 | | | | 11.8 | 4.1 |
| >$120 | | | 2.9 | 11.8 | 5.2 |
| Total | 100% | 100% | 100% | 100% | 100% |
| **10 Years Experience** | | | | | |
| $50 or less | 20.0 | | 2.7 | 3.0 | 3.9 |
| $51-60 | 20.0 | 9.1 | 18.9 | 3.0 | 11.8 |
| $61-70 | | 13.6 | 13.5 | 12.1 | 11.8 |
| $71-80 | 30.0 | 40.9 | 18.9 | 6.1 | 20.6 |
| $81-90 | 10.0 | 18.2 | 21.6 | 6.1 | 14.7 |
| $91-100 | | 13.6 | 16.2 | 18.2 | 14.7 |
| $101-110 | | 4.5 | | 12.1 | 4.9 |
| $111-120 | 20.0 | | 5.4 | 18.2 | 9.8 |
| >$120 | | | 2.7 | 21.2 | 7.8 |
| Total | 100% | 100% | 100% | 100% | 100% |

Exhibit 28 displays the impact of firm size on methods for client billing for legal assistants:

Exhibit 28    LEGAL ASSISTANT CLIENT BILLING METHODS BY SIZE OF FIRM, 2004

| Billing Method for Legal Assistants | 1 | 2 | 3-6 | 7-20 | 21+ | All Firms |
|---|---|---|---|---|---|---|
| Included with Attorney Fee | 47.1 | 59.5 | 39.7 | 19.7 | 4.7 | 32.1 |
| Time | 42.9 | 35.1 | 55.2 | 73.8 | 87.5 | 60.7 |
| Fee Schedule | 8.6 | 5.4 | 5.2 | 3.3 | 6.3 | 5.9 |
| Total | 100% | 100% | 100% | 100% | 100% | 100% |